**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **Black Tie Moving Services, LLC** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 4:26-cv-1144 |
| | ) | |
| **Black Tie Moving Services LLC** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

Plaintiff Black Tie Moving Services, LLC ("**Black Tie Moving**"), by its attorneys, allege, with personal knowledge as to their own actions, and upon information and belief as to those of others, as follows:

**NATURE OF THE CLAIMS**

Black Tie Moving files this action against Defendant Black Tie Moving Services LLC ("**Defendant**") for trademark infringement and unfair competition of a federal registered trademark under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., as well as Texas state and common law; and unfair competition in violation of Texas common law.

**PARTIES, VENUE, AND JURISDICTION**

1. Black Tie Moving is a Texas limited liability company having its principal place of business is at 1165 S Stemmons Fwy, Suite 154, Lewisville, Texas 75067.

2. Upon information and belief, Defendant is a Florida limited liability company registered to do business with the Florida Secretary of State with a principal place of business is at 4774 N Powerline Road Margate, Florida 33073. Defendant regularly transacts business

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b), because this action arises under the Lanham Act, 15

U.S.C. § 1125. Additionally, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over Defendant because upon information and belief, they regularly conduct business in the Eastern District of Texas and many of the acts giving rise to this action, including Defendant's infringement of Black Tie Moving's trademark, occurred in the Eastern District of Texas.

5. Furthermore, venue is appropriate in this Court in accordance with 28 U.S.C. § 1391(b) and (c) because many of the acts giving rise to this action, including Defendant's infringement of Black Tie Moving's trademark, occurred within the judicial district.

## STATEMENT OF FACTS

6. Black Tie Moving is a nationwide moving and storage company specializing in local, long-distance, commercial, and specialized moving services. Black Tie Moving began doing business in March 2013 and was registered as a Texas limited liability company in March 2013.

7. Black Tie Moving has utilized its distinct and well-known BLACK TIE MOVING mark since it first offers its services on March 12, 2013. Since introducing its BLACK TIE MOVING brand to the market in 2013, Black Tie Moving has investigated substantial time, effort, and money in advertising and promoting its services under the BLACK TIE MOVING brand throughout the United States.

8. Black Tie Moving advertises its services through its website https://www.blacktiemoving.com/.

9. To protect its rights in the BLACK TIE MOVING brand, Black Tie Moving registered the brand on the Principal Register of the United States Trademark Office. Black Tie

Moving duly registered BLACK TIE MOVING as a trademark for *moving company services* under U.S. Reg. No. 4,759,612, which issued on June 23, 2015. A true copy of the Certificate of Registration for Black Tie Moving's trademark is attached hereto as **Exhibit A,** and incorporated by reference as though fully set forth at length. All registered and common law rights in the BLACK TIE MOVING mark are herein referred to as the "**BLACK TIE MOVING Mark**."

10. The BLACK TIE MOVING Mark and the goodwill associated thereto, is an invaluable asset of substantial and inestimable worth to Black Tie Moving.

**Defendant's Violation of the BLACK TIE MOVING Mark**

11. Recently, Black Tie Moving became aware of Defendant's use of an identical trademark to its BLACK TIE MOVING Mark in its company name and advertising for its competitive moving services throughout the United States.

12. Upon information and belief, Defendant formed the limited liability company, Black Tie Moving Services LLC, in December 2025.

13. Black Tie Moving's use of the BLACK TIE MOVING Mark predates and is therefore senior to the use of the name and trademark "Black Tie Moving" by Defendant.

14. The company name used by Defendant, Black Tie Moving Company LLC, is identical to Black Tie Moving's name and BLACK TIE MOVING Mark.

15. Defendant is the owner of a website at the domain name https://blacktiemovingservices.com/ where it advertises its services, as seen in the screenshots

below.


Black Tie Moving Services | Profes
https://blacktiemovingservices.com
BLACK-TIE
MOVING SERVICES
Home
About Us
Services
FAQs
Contact Us
GET A QUOTE
Welcome To Black Tie Moving Services
Welcome to Black Tie Moving Services ! We're not just a moving broker; we're your trusted partner in making every move smooth and hassle-free. Whether you're relocating your home, office, or need specialized moving services, we've got you covered. Let's get moving!
LEARN MORE
12:21 PM
7/27/2026


Black Tie Moving Services | Profes
https://blacktiemovingservices.com
Get your free moving estimate here
Current Zip/Postal Code
Current Zip/Postal Code
New Zip/Postal Code
New Zip/Postal Code
SUBMIT
17+
Years of Experience
BLACK-TIE
MOVING SERVICES
ABOUT US
Your Trusted Moving Experts
At Black Tie Moving Services, we're more than just moving coordinators; we're a dedicated team committed to making your moving experience seamless. Our team is a family of skilled professionals who bring decades of expertise, dedication, and a diverse set of skills to every move. We pride ourselves on our integrity, professionalism, and the ability to tackle any moving challenge with ease. Choose Black Tie Moving Services, where every move is handled with care and precision.
LEARN MORE
12:22 PM
7/27/2026

16. The moving services offered by Defendant are directly competitive to the moving services offered by Black Tie Moving.

17. Black Tie Moving has not consented to the provision of services by Defendant under the BLACK TIE MOVING Mark.

18. Black Tie Moving has no affiliation or business relationship of any kind with Defendant.

19. Upon information and belief, Defendant is operating in similar channels of trade as Black Tie Moving and offers identical services to the same consumers in direct competition.

20. Upon information and belief, Defendant is advertising its services via the same marketing channels as Black Tie Moving.

21. Upon information and belief, Defendant is directly competing with Black Tie Moving under the BLACK TIE MOVING Mark.

22. Defendant is advertising and offering competing moving services using a mark that is identical to the Registered Mark.

23. Defendant uses the infringing mark in connection with its moving services at a physical location in Florida and throughout the United States, including by advertising that it provides moving services "across Florida and 48 states."

24. Upon information and belief, Defendant's unauthorized use of the BLACK TIE MOVING Mark for moving services has caused actual confusion among consumers and members of the public as to the source, sponsorship, or affiliation of Defendant's services. By way of example only:

a. On April 29, 2026, Black Tie Moving received notice from John Weaver, who had contracted for moving services from Bozeman, Montana, to Hailey, Idaho,

and who stated that he believed Black Tie Moving was providing the services based on the use of the name "BLACK TIE MOVING SERVICES."

b. On June 9, 2026, Black Tie Moving received notice from Mike McKinney, who stated that he believed he had contracted with Black Tie Moving for moving services related to his move from Onalaska, Washington to Bigfoot, Texas. Mr. McKinney reported that his household goods were picked up on May 19, 2026, by a crew that arrived at approximately 9:30 p.m. and completed the pickup at approximately 4:30 a.m. He further stated that he paid approximately $1,175 and his belongings were picked up but had not been delivered thereafter.

c. On June 15, 2026, Black Tie Moving received notice from Donna Kincer, who was moving from Humble, Texas, to Harvest, Alabama, and who stated that she sent more than $2,000 via bank transfer under the impression that she was contracting with Black Tie Moving for moving services.

d. On July 24, 2026, Black Tie Moving received notice from Nethaji Eddula who stated that he believed he had contracted with Black Tie Moving for moving services related to his move from Westborough, Massachusetts, to Frisco, Texas. The customer reported that his household goods were picked up on July 19, 2026, and that he paid more than $700 under the belief that he was dealing with Black Tie Moving. The customer further stated that he had placed a GPS tracking device with his belongings and determined that they were located in Texas, approximately five to six hours away from his destination in Frisco but had not yet been delivered.

25. This actual confusion is a direct and foreseeable consequence of Defendant's use of a mark identical or confusing similar to the BLACK TIE MOVING Mark in connection with directly competing services in the same channels of trade and to the same class of consumers. The instances of confusion described above are illustrative and not exhaustive, and Plaintiff is informed and believes that additional instances of actual confusion exist and will continue to arise, and will be identified through discovery.

**Black Tie Moving's Numerous Attempts to Resolve this Dispute Informally**

26. Upon learning of Defendant's use of a confusingly similar brand, Black Tie Moving has attempted to resolve this matter with Defendant amicably and without filing litigation in the judicial system. Black Tie Moving has sent Defendant numerous cease and desist letters and communications through counsel notifying Defendant of Black Tie Moving's objections to its use of the BLACK TIE MOVING Mark and demanding that Defendant cease and desist such conduct. Defendant has failed to comply despite initial promises to do so and has willfully ceased all correspondence with Black Tie Moving regarding the matter.

27. Black Tie Moving's attempts to resolve this matter began on May 14, 2026, Black Tie Moving sent Defendant a cease and desist letter advising Defendant of Black Tie Moving's rights in the BLACK TIE MOVING mark, objecting to Defendant's use of the infringing mark, and demanding that Defendant cease and desist from further use of the mark. A true and accurate copy of Black Tie Moving's May 14, 2026 letter is attached hereto as **Exhibit B**.

28. On June 10, 2026, Defendant responded via email and represented that it was willing to discuss a transition and phase-out of its use of the infringing mark, including in connection with its branding, business filings, website, advertising, and related materials.

Defendant requested a 90-day period to complete the transition. A true and accurate copy of the June 10, 2026 email from Defendant is attached hereto as **Exhibit C**.

29. On June 24, 2026, Black Tie Moving informed Defendant that, due to ongoing consumer confusion and resulting harm, a 90-day phase-out period was not acceptable and demanded that Defendant immediately cease all public-facing use of the infringing mark. Black Tie Moving further advised that it would permit Defendant a reasonable period to complete governmental and corporate name-change filings. A true and accurate copy of the June 24, 2026 email from Defendant is attached hereto as **Exhibit D**.

30. Though Defendant appeared to have removed its website on June 30, 2026 in a sign of compliance, despite failing to respond to counsel for Black Tie Moving, the website was reinstated as of July 8, 2026. Further correspondence via email was sent to Defendant on July 8, 2026 demanding a response and compliance given the ongoing actual confusion arising. A true and accurate copy of the July 8, 2026 email is attached hereto as **Exhibit E**.

31. Since the initial June 10, 2026 email, Defendant has intentionally ceased all correspondence with Black Tie Moving and consumer confusion has continued to occur. It is clear that the foregoing conduct by Defendant has been willful and deliberate, and specifically intended by Defendant dilute and to trade off the goodwill, fame and secondary meaning associated with the well-known BLACK TIE MOVING Mark.

Unless Defendant is enjoined by this Court, Black Tie Moving will suffer irreparable injury and lost goodwill associated with the BLACK TIE MOVING Mark by Defendant's willful and deliberate conduct as alleged above.

**COUNT ONE**
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

32. Black Tie Moving incorporates the allegations in paragraphs above as if fully set forth herein.

33. Defendant's conduct alleged herein constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Defendant, without authorization from Black Tie Moving, has used and is continuing to use a designation that is confusingly similar to the BLACK TIE MOVING Mark.

35. Defendant's acts alleged herein have caused and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's competing moving services originate from, or are affiliated with, sponsored by, or endorsed by Black Tie Moving.

36. Defendant has acted with knowledge of Black Tie Moving's ownership of the BLACK TIE MOVING Mark and with the intention or willful blindness to unfairly benefit from the strong goodwill symbolized thereby.

37. Defendant has made and will continue to make profits and/or gains to which it is not entitled to in law or equity.

38. As shown by Defendant's blatant disregard for Black Tie Moving's trademark rights, Defendant intends to continue its infringing acts, unless restrained by this Court.

39. Defendant's activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Black Tie Moving's business, reputation, and goodwill in its federally registered BLACK TIE MOVING Mark. Defendant's acts have damaged

and will continue to damage Black Tie Moving, and Black Tie Moving has no adequate remedy at law.

40. Pursuant to 15 U.S.C. § 1117, Black Tie Moving is entitled to recover the costs of this action. Further, the intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Black Tie Moving to an award of attorneys' fees under 15 U.S.C. § 1117(a).

**<u>COUNT TWO</u>**
**Unfair Competition**
**(15 U.S.C. § 1125)**

41. Black Tie Moving incorporates the allegations in paragraphs above as if fully set forth herein.

42. Defendant's conduct set forth herein constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendant's advertising, promotion, sale, and/or offering of moving services under the BLACK TIE MOVING Mark is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's services, and is intended, and is likely to cause such parties to believe in error that Defendant's services are authorized, sponsored, approved, endorsed or licensed by Black Tie Moving, or that Defendant is in some way affiliated with Black Tie Moving.

44. Defendant's activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Black Tie Moving's business, reputation, and goodwill in it's federally registration BLACK TIE MOVING Mark. Defendant has made and will continue to make profits and/or gains to which it is not entitled to in law or equity.

45. Defendant intends to continue its infringing acts, unless restrained by this Court.

46. Defendant engaged in these activities intentionally and willfully. Defendant's acts have damages and will continue to damage Black Tie Moving, and Black Tie Moving has no adequate remedy at law.

47. As a direct and proximate Black Tie Moving is entitled to a recovery of reasonable attorneys' fees and costs incurred herein.

## COUNT THREE

## State and Common Law Trademark Infringement

(COMMON LAW UNFAIR COMPETITION)

48. Black Tie Moving incorporates by reference the allegations above as if fully set forth herein.

49. This cause of action under Texas state common law is separate and independent of the federally-based causes of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior causes of action; this Court accordingly has supplemental jurisdiction over said claim.

50. As set forth above, Black Tie Moving does business in the State of Texas, where it owns and enjoys trademark rights throughout the United States in the BLACK TIE MOVING Mark.

51. Black Tie Moving's interest in the BLACK TIE MOVING Mark is valid and legally protectable.

52. The use of the BLACK TIE MOVING Mark by Defendant in connection with its moving services is likely to cause and has caused confusion among consumers.

53. Upon information and belief Defendant's alleged acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

54. Defendant's use of the BLACK TIE MOVING Mark constitutes trademark infringement under the common law of the state of Texas.

55. Black Tie Moving has been and will continue to be damaged as a result of Defendant's infringement.

56. Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Black Tie Moving unless enjoined by this Court.

**COUNT FOUR**

**Common Law and State Unfair Competition**

57. Black Tie Moving incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

58. The acts described above reflect Defendant's scheme by which it, without authority, consent, or privilege, intends to imitate or pass off its services as those of Black Tie Moving or as services that have received the sponsorship or approval of Black Tie Moving. Such conduct constitutes unfair competition in violation of the common law of the State of Texas.

59. Black Tie Moving's interest in the BLACK TIE MOVING Mark is valid and legally protectable.

60. Black Tie Moving owns the BLACK TIE MOVING Mark.

61. Defendant's use of the BLACK TIE MOVING Mark is likely to create and has resulted in actual confusion among consumers.

62. Defendant's alleged acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

63. Defendant's use of the BLACK TIE MOVING Mark constitutes unfair competition under the common law of the State of Texas.

64. Black Tie Moving has been and will continue to be damaged as a result of Defendant's infringement.

65. Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Black Tie Moving unless enjoined by this Court.

66. Black Tie Moving is the owner of the trademark "BLACK TIE MOVING." It has continuously used these marks in commerce and in connection with its services, since at least as early as March 12, 2013.

67. Defendant has used and continues to use the "Black Tie Moving" mark in connection with moving and relocation services without the consent of Black Tie Moving.

68. Defendant's continued use of the "Black Tie Moving" mark is likely to cause confusion, including initial interest confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Defendant's goods and services, and is likely to cause people to believe in error that Defendant's goods and services have been authorized, sponsored, approved, endorsed or licensed by Black Tie Moving . Among other types of confusion created by Defendant, its actions create initial interest confusion on the part of consumers.

69. Defendant's acts, as alleged herein, constitute trademark infringement under Texas common law.

70. Defendant has profited from its infringement of Black Tie Moving's trademark and will continue to profit from it. As a direct and proximate result of Defendant's infringement, Black Tie Moving has suffered damages in an amount that is not presently ascertainable but which shall be proved at the time of trial. The Defendant's infringement will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

Black Tie Moving respectfully requests the following relief:

(1) A finding that (i) Defendant has violated Section 32 of the Lanham Act (15 U. S. C. § 1114); (ii) and Section 43(a) of the Lanham Act (15 U. S. C. § 1125(a)); (iii) Defendant has engaged in trademark infringement in violation of Texas common law; and (iv) Defendant has engaged in unfair competition in violation of Texas common law.

(2) Preliminarily and permanently enjoining and restraining Defendant, its directors, members, officers, agents, servants, employees, subsidiaries, and affiliates, and all persons in active concert or participation with, though, or under Defendant, at first during the pendency of this action and thereafter perpetually:

a. From committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to the BLACK TIE MOVING Mark;

b. from using in any manner packaging, labels, signs, literature, display cards, Internet website, social media pages, or other packaging, advertising, or promotional materials, or other materials related to Defendant's services, bearing the BLACK TIE MOVING Mark, and any other mark, word, or name confusingly similar to the BLACK TIE MOVING Mark;

c. from making any statements on promotional materials or advertising for Defendant's services that are false or misleading as to source or origin;

d. from committing any acts of deceptive, unlawful or unfair acts calculated to cause members of the trade or purchasing public to believe that Defendant's services are the services of Black Tie Moving or are sponsored by or associated

with, or related to, or connected with, or in some way endorsed or promoted by Black Tie Moving under the supervision or control of Black Tie Moving; and

e. from using in connection with the promotion, advertising, or provision of any products or services the name Black Tie Moving or any other name confusingly similar to the BLACK TIE MOVING Mark.

(3) Awarding Black Tie Moving its monetary damages, together with an accounting of Defendant's profits, as provided in 15 U.S.C. § 1117, and TEX. BUS. & COM. CODE § 16.102, all in amounts to be determined at trial;

(4) Awarding Black Tie Moving treble and punitive damages against Defendant's for their willful misconduct in an amount to be determined at trial;

(5) Awarding Black Tie Moving its costs and reasonable attorneys' fees and expert witness fees in this action; and

(6) Granting Black Tie Moving such other and further relief as the Court may deem just and equitable.

**DEMAND FOR TRIAL BY JURY**

Black Tie Moving, by counsel and pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury on all issues raised in this action that are so triable.

Respectfully submitted,

*/s/ P. Alan Sanders*
P. Alan Sanders
Of Counsel to the Firm
Texas Bar No. 17602100
Alan.Sanders@dinsmore.com
Cell: (409) 882-1706
JPMorgan Chase Tower
600 Travis Street, Suite 7350
Houston, Texas 77002
***Counsel for Plaintiff Black Tie Moving***

**CERTIFICATE OF SERVICE**

A copy of the foregoing instrument (together with its exhibits, attachments and/or proposed Order, if any, or any other item described in the foregoing instrument) has been served by the E-Filing / E-Service / PACER / CM-ECF system upon all persons entitled to notice or service, on August 26, 2026